## B. DURLEY *v.* THE STATE.

1. STATEMENT OF FACTS must be authenticated during the term of the court unless during the term an order was entered of record allowing the statement to be prepared and filed within ten days after the adjournment for the term; and on appeal the order must be brought up in the record, or this court cannot recognize for any purpose a statement approved after the adjournment of the trial court.

2. PRACTICE IN THIS COURT.— When no authentic statement of facts appears in the record, but a proper bill of exceptions shows that there was no proof of the venue of the offense, or no sufficient identification of the defendant as the culprit, this court must assume the verity of these defects in the proof, and will set aside the conviction.

APPEAL from the County Court of Delta. Tried below before the Hon. JOHN D. POLK, County Judge.

The conviction was for aggravated assault upon a woman who weighed two hundred and fifty pounds, and the penalty was only a $25 fine,— just ten per cent.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WINKLER, J. Agreeably to the record before us, the County Court of Camp county, before which the appellant was tried and convicted, convened on August 1, 1881, and adjourned on August 4, 1881. There is embodied in the record what purports to be a statement of facts; this, however, purports to have been approved by the judge and filed on August 8, 1881, and not until after the court had adjourned. In this statement the venue is not proven. By article 784, Code of Procedure, it is provided that a statement of facts may be drawn up and certified and placed in the record as in civil suits. By the Revised Statutes, articles 1377 and 1378, provisions are made for the mode of preparing statements of facts, and prescribing the duties of the presiding judge in case the parties do not agree as to the facts. Article 1379 provides that "The court may, by an order entered upon the record during the term, authorize the statement of facts to be made up and signed and filed in vacation, at any time not exceeding ten days after the adjournment of the term."

To permit a statement of facts to be made up, signed and filed in vacation, the law requires that such a course be provided for by an order, entered upon the record during the term. Except time be allowed for the purpose, before the expiration of the term, the law contemplates that a statement of facts shall be prepared, signed by the necessary parties or certified by the judge, as the case may be, before the adjournment of the court for the term. Unless the statement of facts has been prepared in either one or the other manner, we are not authorized to consider it on appeal for any purpose; and in such a state of case the uniform practice is to disregard what purports to be a statement of facts, entirely, and decide the case upon the balance of the record.

In the present case we find a bill of exceptions which is signed by the judge who presided at the trial, and in which are found the following statements: "That the

State failed to prove the venue of the said offense; that it was not proven that the offense was committed in the State of Texas or the county of Camp. The State did not prove that the defendant was an adult male." We must presume that these statements are true, finding them so stated in the bill of exceptions signed by the judge, and which was filed August 3, 1881, and during the term. The case was tried before the court without a jury. The absence of the testimony mentioned in the bill of exceptions entered into the defendant's motion for a new trial, which was overruled.

Because of this failure of the testimony the case was not proved against the defendant, and a new trial should have been granted. The judgment will be reversed and the case remanded.

*Reversed and remanded.*